UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

FRANK J. SKINNER, Plaintiff,

v. Civil Action No. 4:25-cv-88-DJH-HBB

WEBSTER COUNTY FISCAL COURT et al., Defendants.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Frank J. Skinner sued various state officials and other entities in Webster Circuit Court, asserting a state-law trespass claim and claims under the U.S. Constitution arising from a property dispute. (Docket No. 1-1, PageID.5–9) Skinner later amended his complaint, adding the City of Providence, Kentucky, as a defendant. (*Id.*, PageID.483–506) The City removed the case to this Court. (D.N. 1) Skinner moves to remand the state-law claims or, in the alternative, to amend his complaint a second time. (D.N. 5) Skinner also moves for default judgment against Defendant Providence–Webster County Airport Board. (D.N. 10) Defendants Tony Felker, Bob Hardison, Steve Henry, Chad Townsend, and Webster County Fiscal Court oppose both motions. (D.N. 6; D.N. 13) The City of Providence joins in opposition to the first motion. (D.N. 8) Because the circumstances do not justify remanding the state-law claims or granting leave to amend, the Court will deny Skinner's motion to remand. The Court will also deny Skinner's motion for default judgment as premature because Skinner did not first obtain entry of default.

**I.**

Skinner's amended complaint alleges as follows. In 1973, James T. and Earletta Skinner, the prior owners of Skinner's property, granted the Providence–Webster County Airport Board an

easement allowing the Airport Board to use a road on the Skinners' land to access airport property.[1] (D.N. 1-1, PageID.484, 487 ¶¶ 5, 15) The easement was to be used only for operating an airport. (*Id.* ¶¶ 5, 15–16) The Airport Board is now defunct.[2] (*Id.* ¶¶ 5, 14) In 2024, County Executive Steve Henry leased the airport property to MDR Construction, Inc. (*Id.*, PageID.486 ¶ 13) Since the execution of this lease, MDR has used the road on Skinner's property to access the airport property. (*Id.*, PageID.488 ¶¶ 20–21) Skinner alleges that the county did not have the power to grant MDR an easement to use his property "for purposes unrelated to the operation of an airport" (*id.* ¶ 20); that he informed both the county and MDR of this limitation on the easement (*id.*, PageID.487 ¶ 17); and that MDR's use of the road to further "commercial" or "industrial" purposes violates his property rights. (*Id.*, PageID.488–89 ¶ 22) In his initial complaint, Skinner sued MDR, Webster County Fiscal Court, and Henry and three other county officials—Bob Hardison, Chad Townsend, and Tony Felker—in their official capacities. (*Id.*, PageID.5) When he amended his complaint, Skinner added the City of Providence and the Providence–Webster County Airport Board as defendants. (*Id.*, PageID.483)

Skinner's amended complaint asserts violation of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, alleging that the county "permitted access across [his] Property for unpermitted purposes against [his] will, doing so without due process, and deprived and are depriving [him] of his protected property interest in exclusive use of and control over his private

---

[1] According to Skinner, the easement was part of a larger transaction that included the airport property itself. (*See* D.N. 5, PageID.533–35)

[2] The Webster County Defendants dispute this characterization in their opposition to the motion for default judgment. (D.N. 14, PageID.692 (asserting that members were appointed to the Airport Board in July and August 2025 following "several years" during which the Board "had no active members" and that "[t]he Board had not been dissolved"); *see* D.N. 14-1 (Board appointment documents dated July 2025); D.N. 14-2 (August 2025 Providence City Council minutes reflecting appointment of Board members))

property." (*Id.*, PageID.491 ¶ 36) Skinner also asserts state-law claims of diversion, trespass, conspiracy, breach of the 1973 agreement with the Airport Board, and unjust enrichment. (*Id.*, PageID.489–96, 503 ¶¶ 25–34, 40–67, 107–08) Skinner seeks declaratory and injunctive relief, attorney fees, ejectment of Defendants from his property, imposition of a constructive trust on rental payments made by MDR, and appointment of a receiver. (*Id.*, PageID.496–503 ¶¶ 68–106)

After Skinner amended his complaint to add the City of Providence as a defendant, the City removed the case to this Court on the basis of federal-question jurisdiction. (D.N. 1) Skinner moves to remand the state-law claims or, in the alternative, to further amend his complaint to remove the § 1983 claim. (D.N. 5) The defendants, with the exception of MDR and the Airport Board, oppose Skinner's motion. (D.N. 6; D.N. 8) Skinner also moves for default judgment against the Airport Board. (D.N. 10) Henry, Hardison, Townsend, Felker, and Webster County Fiscal Court oppose that motion. (D.N. 14)

**II.**

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As relevant here, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. In addition, "district courts . . . have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Section 1367(c), however, allows the Court to

> decline to exercise supplemental jurisdiction over a claim . . . if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Skinner argues that the defendants waived objection to remand by failing to invoke supplemental jurisdiction and that remand of the state-law claims is warranted under § 1367(c) in any event. (D.N. 5, PageID.538–45)

### A. Waiver

Citing *Askew v. City of Memphis*, No. 14-2080-STA-tmp, 2014 WL 12515247 (W.D. Tenn. May 20, 2014), Skinner argues that the defendants waived any objection to remand of the state-law claims by failing to specifically mention those claims in the notice of removal or note that supplemental jurisdiction existed. (D.N. 5, PageID.545) The defendants argue that *Askew* does not support Skinner's contention and that they did not need to specifically note supplemental jurisdiction in the notice of removal. (D.N. 6, PageID.620–21)

The passage of *Askew* cited by Skinner merely restates an argument that was made by the plaintiffs in that case. *See* 2014 WL 12515247 at *1 ("Plaintiffs note that Defendants failed to mention Plaintiffs' claims under the TGTLA, thereby waiving any objection to the remand of those claims to state court."). The court's decision in *Askew* did not rely on this argument; in fact, its analysis of § 1367(c) and the defendants' arguments would have been unnecessary had it adopted the view that a defendant could waive supplemental jurisdiction in this manner. *See id.* at *2–3.

A defendant seeking removal must provide "a short and plain statement of the grounds for removal." § 1446(a). There is "no requirement in the removal statutes . . . that each of a plaintiff's claims be specifically noted in a notice of removal, as long as the notice states proper grounds for the removal." *King v. Anderson Cnty.*, No. 3:10-cv-420, 2010 WL 4791889, at *2 (E.D. Tenn. Nov. 18, 2010) (citing § 1446(a)). Here, the notice of removal stated adequate grounds to remove the case to this Court, namely that Skinner's § 1983 claim falls within the Court's original

jurisdiction. (*See* D.N. 1) It did not deprive the Court of supplemental jurisdiction over the state-law claims or waive the defendants' objection to remand. *See King*, 2010 WL 4791889, at *2; *cf. Askew*, 2014 WL 12515247, at *1–3.

**B. 28 U.S.C. § 1367(c)**

Citing § 1367(c), Skinner argues that the Court should remand the state-law claims on the grounds that (1) the complaint raises a complex issue of state law; (2) the state-law issues raised by the complaint predominate over the federal issues; and (3) considerations of judicial economy, convenience, fairness, and comity support remand. (D.N. 5, PageID.540–43) The defendants disagree on each point. (D.N. 6, PageID.616–18)

"District courts have 'broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims.'" *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996)). When exercising this discretion, the Court must consider "judicial economy, convenience, fairness, and comity." *Id.* (quoting *Musson*, 89 F.3d at 1254). The "default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Springdale Venture, LLC v. US WorldMeds, LLC*, 620 F. Supp. 2d 810, 814 (W.D. Ky. 2009) (citing *Campanella v. Com. Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)). In a case presenting a federal question, the Court must retain jurisdiction over the federal claim, even if it chooses to remand the state-law claims. *Id.* at 813; *Majeske v. Bay City Bd. of Educ.*, 177 F. Supp. 2d 666, 672–73 (E.D. Mich. 2001) (collecting cases).

**1. Complex Issues of State Law**

Skinner argues that the status of the Airport Board and the Board's relationship to the county under Kentucky law is a complex issue that "continue[s] to plague [Kentucky] courts."

(D.N. 5, PageID.540–42 (quoting *Comair, Inc. v. Lexington-Fayette Urb. Cnty. Airport Corp.*, 295 S.W.3d 91, 96–97 (Ky. 2009))) Defendants maintain that the complaint does not raise complex issues, but rather "state property law issues, and potentially contractual requirements . . . [—]the type of state law issues that federal courts regularly decide when exercising supplemental jurisdiction." (D.N. 6, PageID.617)

District courts may refuse to exercise supplemental jurisdiction under § 1367(c)(1) when a case presents "complex state law claims [and] the state courts have not authoritatively addressed the question." *Francis v. Marshall,* No. 07-240-ART, 2010 WL 4053572, at *8 (E.D. Ky. Oct. 14, 2010) (citing *Beechy v. Cent. Mich. Dist. Health Dep't*, 274 F. App'x 481, 482 (6th Cir. 2008)). State-law issues are sufficiently complex if they involve "'exceptional circumstances' presenting 'compelling reasons' for refusing to exercise supplemental jurisdiction." Wright & Miller's Federal Practice & Procedure § 3567.3 (3d ed. 2026).

Skinner points to the Kentucky Supreme Court's statement in a 2009 case that the status of "quasi-municipal corporations" like airport boards "continue[d] to plague the courts." (D.N. 5, PageID.541 (citing *Comair*, 295 S.W.3d at 96–97)) But that statement pertained to the immunity issues surrounding quasi-municipal corporations, and the Kentucky Supreme Court went on to provide a thorough discussion of how to analyze quasi-municipal corporations' immunity and apply those principles to an airport board. *See Comair*, 295 S.W.3d at 97–104. Federal courts in Kentucky have previously demonstrated their ability to analyze immunity issues surrounding airport boards. *See Hashemian v. Louisville Reg'l Airport Auth.*, No. 3:09-cv-00951-TBR, 2010 WL 3001972, at *7–8 (W.D. Ky. July 28, 2010) (applying *Comair* and analyzing the immunity of the airport authority); *In re Air Crash at Lexington, Ky. Aug 27, 2006*, No. 5:06-cv-316-KSF, 2007 WL 4206687, at *3–10 (E.D. Ky. Nov. 26, 2007) (analyzing the immunity of an airport board).

Skinner does not explain why a particularly difficult immunity issue is likely to arise in this case. (*See* D.N. 5, PageID.540–42) He thus has not identified a state-law issue that is sufficiently novel or complex to justify refusal of jurisdiction under § 1367(c)(1).

**2. Predominance of State-Law Claims**

Skinner further argues that "[i]ssues involving the status of the road in question under Kentucky law will . . . predomina[te]" over federal issues in this case. (D.N. 5, PageID.542) The defendants contend that that state-law issues do not predominate in a manner that supports remand "because it is clear that the state law claims and federal claim are closely aligned, contain the same nucleus of operative fact, consist of similar allegations underlying the basis of each, and will involve the same or substantially similar defenses." (D.N. 6, PageID.617)

When determining whether state-law claims "substantially predominate[]" over federal claims under § 1367(c)(2), the Court considers the degree to which the "state law claims are substantially distinct from or require different proof than [the] federal claim." *Suttles v. Raceland Worthington Indep. Schs.*, No. 25-53-DLB-EBA, 2025 WL 2052981, at *3 (E.D. Ky. July 22, 2025). "[A] simple 'edge in numbers . . . does not necessarily mean that the state law claims substantially predominate.'"[3] *Id.* (quoting *Detroit Edison Co. v. Mich. Dep't of Env't Quality*, 29

[3] No binding Sixth Circuit precedent clearly addresses whether the number of claims or the relatedness of claims is more critical. But numerous other circuit courts center the predominance inquiry on the nature of the claims and the evidence they require. *See, e.g.*, *Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC*, 730 F.3d 67, 73–74 (1st Cir. 2013) (finding no predominance and noting that "both sets of claims . . . depended on the same body of evidence and sought a similar legal remedy"); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 425 (D.C. Cir. 2006) ("Predomination under section 1367(c)(2) relates to the type of claim[,] and here the state law claims essentially replicate the [federal] claims—they plainly do not predominate."); *Malphurs v. Cooling Towers Sys.*, 709 F. App'x 935, 940 (11th Cir. 2017) ("[E]vidence underlying [the plaintiff's] [federal] claim would be important to [the plaintiff's] state claims, and vice versa. Judicial economy and convenience therefore supported the district court's decision to exercise supplemental jurisdiction."); *Ervin v. OS Rest. Servs.*, 632 F.3d 971, 980 (7th Cir. 2011)

F. Supp. 2d 786, 793 (E.D. Mich. 1998)). But the number of claims is a relevant consideration. *See Dietrich v. Simon*, No. 16-2551, 2017 U.S. App. LEXIS 23200, at *4 (6th Cir. May 17, 2017) ("Because [the] complaint alleged only a single federal claim and five state law claims, the state law claims predominated, and the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over them."); *Hindelang v. City of Grosse Pointe*, No. 20-cv-11876, 2020 WL 5411338, at *2 (E.D. Mich. Sep. 9, 2020) ("[T]he [plaintiffs'] numerous state-law claims 'substantially predominate' over their two federal claims.").

In this case, while the state-law claims outnumber the federal claims (*see* D.N. 1-1, PageID.489–503), many of the state-law counts turn on the same core issues as the federal claim: who is the rightful owner of the road and how the 1973 agreement with the Airport Board affects the road's status. (*Id.*) This is so because under the Due Process Clause, "courts identify property interests by reference to independent sources of entitlement such as state law or a contract between the parties." *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021) (citations omitted). Therefore, the Court will not decline supplemental jurisdiction under § 1367(c)(2). *See Suttles*, 2025 WL 2052981, at *3.

**3. Judicial Economy, Convenience, Fairness, and Comity**

Skinner asserts that "[t]he Webster County Circuit Court is already familiar with this dispute" and that remand would therefore "promote efficiency, avoid waste of the resources already expended, and respect the state's interest in interpreting and applying its own statutory and property laws." (D.N. 5, PageID.545) Skinner also seems to suggest that removal at this stage was unfair to him or done in bad faith. (*See id.*, PageID.544 ("[P]ending at the time of removal

("[P]redomination under section 1367 generally goes to the type of claim, not the number of parties involved." (quoting *De Ascenio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003))).

was Plaintiff's Motion for Appointment of a Receiver over the Airport Board, . . . and the Court's guess is as good as Plaintiff's as to why the Defendants immediately removed the case here instead of affording the Webster Circuit Court the opportunity to pass on the matter.")) Defendants argue that remand "would not promote efficiency or convenience for any party or either court, as substantially similar evidence and defenses will be present in both actions." (D.N. 6, PageID.617) They further assert that remand would not promote fairness because "there could be conflicting or inconsistent rulings on any number of evidentiary or other matters that would be common to all claims." (*Id.*)

"A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation" when deciding whether to exercise supplemental jurisdiction. *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). While the Webster County Circuit Court may already have some familiarity with the case, this Court is required to retain the federal claim in any event. *Springdale*, 620 F. Supp. 2d at 813. Therefore, any gains in economy and convenience from remand would be at least partially offset by the cost of litigating a case in two different forums. *See Landefeld*, 994 F.2d at 1182.

There is an "ever-present comity interest [in] letting state courts resolve state-law claims." *Taylor v. United States*, No. 7:22-CV-97-CHB-HAI, 2024 WL 3739664, at *5 (E.D. Ky. Feb. 27, 2024), *report and recommendation adopted in part*, 2024 WL 4346372 (E.D. Ky. Sep. 30, 2024). In most cases, however, that interest will not justify remanding state-law claims because it is present anytime a federal court exercises supplemental jurisdiction. Comity may weigh more heavily against the exercise of supplemental jurisdiction when resolution of state-law issues can be avoided or where a state administrative scheme is at issue. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521–22 (6th Cir. 2007). This case does not involve a state administrative

scheme, however. And resolution of state-law property issues, particularly who possesses property rights over the road and what rights they possess, cannot be avoided because those issues are central to the federal due-process claim. *See Kaplan*, 10 F.4th at 577 (citations omitted).

Finally, nothing suggests that removal in this case was unfair, as the City of Providence acted promptly to remove, in compliance with the applicable federal statute, after Skinner chose to add it as a defendant. *See* § 1446(b)(2). In sum, the provisions of § 1367(c) and considerations of judicial economy, convenience, fairness, and comity do not support remand of the state-law claims.

**C. Amendment**

In the alternative, Skinner asks the Court to allow him to amend his complaint to eliminate his federal claim. (D.N. 5, PageID.546) Skinner states that this motion is made "in good faith and not for the purposes of delay." (*Id.*) He asserts that the motion is being pursued to allow the parties to "litigat[e] the issues in State Court where a Motion for a Temporary Injunction was under advisement at the time [of] removal and a Motion for Appointment of a Receiver was set to be heard, both of which could immediately be decided based upon the already-developed evidentiary record." (*Id.*) Defendants oppose this aspect of Skinner's motion as well. (D.N. 6, PageID.618–20) They argue that Skinner is attempting to improperly defeat the Court's subject-matter jurisdiction. (D.N. 6, PageID.619 (citing *Davis v. Owners Ins. Co*, 29 F. Supp. 3d 938 (E.D. Ky. 2014)))[4]

[4] As Defendants acknowledge, the court in *Davis* based its decision on an analysis of 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See Davis*, 29 F. Supp. 3d at 942–43 (discussing precedent under § 1447(e)). Section 1447(e) does not apply to an amendment that would defeat jurisdiction by dropping a federal claim, and thus the Court will not rely on *Davis* here.

Federal Rule of Civil Procedure 15 provides that "[t]he [C]ourt should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But the Court need not grant a motion to amend in the presence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And a court should not grant leave to amend when the plaintiff's primary objective is to defeat federal-question jurisdiction. *Jones v. W. Rsrv. Transit Auth.*, 455 F. App'x 640, 642, 645 (6th Cir. 2012).

> The Supreme Court's dictate in *Foman* requires district courts to permit leave to amend complaints in order for the plaintiff to have the opportunity to have his claims heard on the merits. . . . [S]trategic decisions to strip the district court of jurisdiction were surely not what the Supreme Court had in mind.

*Id.* at 645 (citation omitted). Therefore, the Court will deny Skinner's motion for leave to amend his complaint. *See id.*

**III.**

Skinner moves for default judgment against the Providence–Webster County Airport Board. (D.N. 10) Before obtaining a default judgment, however, a party "must first request that the Clerk of the Court enter a default under Fed. R. Civ. P. 55(a)." *Broyles v. Maudilio*, No. 3:20-cv-77-RGJ, 2021 WL 5988272, at *1 (W.D. Ky. Oct. 21, 2021); *see Bey v. Elmwood Place Police Dep't*, No. 17-3945, 2018 WL 4354541, at *1 (6th Cir. May 18, 2018) ("A district court may deny a motion for default judgment if the moving party 'failed first to obtain an *entry* of default' pursuant to Rule 55(a) of the Federal Rules of Civil Procedure." (quoting *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015))). A clerk may only enter a default if the party seeking it

shows, "by affidavit or otherwise," that the opposing party "failed to plead or otherwise defend."[5] Fed. R. Civ. P. 55(a). No default has been entered by the Clerk of Court in this matter. Thus, Skinner's motion for entry of default judgment is premature and will be denied without prejudice. *See Bey*, 2018 WL 4354541, at *1; *see also Heard v. Caruso*, 351 F. App'x 1, 16 (6th Cir. 2009) (noting that it was "procedurally improper" for a plaintiff to move for entry of a default judgment without first having "s[ought] entry of a default from the clerk of the court").

**IV.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Skinner's motion to remand the state-law claims or in the alternative for leave to amend (D.N. 5) is **REINSTATED** and **DENIED**.

(2) Skinner's motion for default judgment (D.N. 10) is **DENIED** without prejudice as premature.

(3) This matter is **REFERRED** to Magistrate Judge H. Brent Brennenstuhl for a status conference to set a litigation schedule.

September 25, 2026

**David J. Hale, Chief Judge**
**United States District Court**

---

[5] The "by affidavit or otherwise" requirement for obtaining entry of default requires "a sworn statement or unsworn declaration under the penalty of perjury." *Nationwide Prop. & Cas. Ins. Co. v. Janis*, No. 1:08-cv-00153, 2008 WL 2762375, at *2 (M.D. Pa. July 11, 2008) (citing 28 U.S.C. § 1746); *see also Musto v. Zaro*, No. 2:17-cv-506, 2018 WL 6046394, at *3 (S.D. Ohio Nov. 19, 2018) (citing *Nationwide*, 2008 WL 2762375, at *2), *report and recommendation adopted*, 2018 WL 6510328 (S.D. Ohio Dec. 11, 2018). Because Skinner's motion is not accompanied by a sufficient declaration, the Court will not construe it as a motion for entry of default.